DAVID L'HOIR,
a/k/a DAVID ELLIOTT KENNEDY,

    Petitioner,

vs.

WARDEN, Federal Satellite Low,

    Respondent.

CIVIL ACTION NO.:CV208-166

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David L'Hoir[1] ("L'Hoir"), who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. L'Hoir filed a Traverse, to which Respondent responded. L'Hoir filed a Reply. For the reasons which follow, L'Hoir's petition should be **DENIED**.

## STATEMENT OF THE CASE

The United States Attorney's Office for the Southern District of Georgia filed a complaint pursuant to 18 U.S.C. § 3184[2] on behalf of the Government of Australia

---

[1] L'Hoir is also known as "David Elliot Kennedy" and "Robert Alan L'Hoir". (Case Number MJ207-34).

[2] "Whenever there is a treaty or convention for extradition between the United States and any foreign government, . . . any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or

AO 72A
(Rev. 8/82)

against L'Hoir. According to this complaint and the supporting documentation, L'Hoir is believed to have committed eleven violations of subsections 1041F(1) and 1331(1) and one violation of subsections 911A(1) and 1311(1) of the Corporations Act of 2001 and 11 violations of subsection 408C(1)(d) of the Criminal Code (Queensland). (Case Number MJ207-34, Doc. No. 1). L'Hoir executed an Affidavit of Waiver of Extradition, in which he attested to being informed by his attorney of his rights under the Extradition Treaty between the United States and Australia and to executing the waiver of his rights "knowingly, voluntarily and entirely of [his] own free will and accord." (Id. at Doc. No. 8). The undersigned entered an Extradition Order based on the evidence before the Court. (Id. at Doc. No. 9). The undersigned conducted a hearing on L'Hoir's waiver of extradition based on letters he wrote to the Court, in which he expressed concerns about a statute of limitations issue. The undersigned entered another Extradition Order, specifically excepting any statute of limitations defense which might be available to L'Hoir during his prosecution in Australia. (Id. at Doc. No. 15). The United States Marshals Service ("USMS") lodged a detainer against L'Hoir for his extradition to Australia on financial services fraud charges.

---

convention, . . . issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate judge, to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, . . . he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." 18 U.S.C. § 3184. The United States and Australia signed a Treaty on Extradition between Australia and the United States of America on May 14, 1974, which was entered into force on May 8, 1976. This Treaty was amended by the Protocol Amending the Treaty on Extradition entered into force on September 4, 1990. http://www.ag.gov.au/www/agd/agd.nsf/Page/Extraditionandmutualassistance. L'Hoir was within this Court's jurisdiction based on his incarceration in Jesup, Georgia, resulting from his convictions in the United States District Court for the Southern District of Florida for failure to appear, in violation of 18 U.S.C. § 3146(A)(1), and conspiracy to commit crimes against the United States, in violation of 18 U.S.C. § 371.

In this petition, L'Hoir asserts that the Order of Extradition was procured through fraud on this Court. L'Hoir also asserts that the Waiver of Extradition he signed was entered unknowingly and as the result of ineffective assistance of counsel. Respondent contends that L'Hoir's petition should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

L'Hoir alleges that the statute of limitations period applicable to the offenses for which he is charged under Australian law has expired and that the prosecution against him for these charges is barred. L'Hoir contends that the Australian prosecutor, Elizabeth Carrigan, and Assistant United States Attorney Frederick Kramer committed fraud upon the Court by submitting affidavits to the Court which stated there is no limitation period for the prosecution of the Corporations Act offenses. L'Hoir avers that he signed a Waiver of Extradition in Case Number MJ207-34 based on advice from his counsel that no statute of limitations period existed for the offenses charged by the Australian government. L'Hoir asserts that he should not be extradited, as the Extradition Treaty between the United States and Australia has been violated.

Respondent contends that L'Hoir was afforded all of the procedural rights available to him pursuant to the extradition treaty. Respondent also contends that the undersigned carefully considered all relevant facts before finding L'Hoir's waiver of extradition was executed knowingly. Finally, Respondent contends that, under the liberal construction afforded to the interpretation of treaties, the statute of limitations has not expired on any of the charged offenses brought by Australia.

A petition for writ of habeas corpus is a proper method to contest an extradition order because there is no direct appeal in extradition proceedings. Noriega v. Pastrana,

564 F.3d 1290, 1295 (11th Cir. 2009); Kastnerova v. United States, 365 F.3d 980, 984 n.4 (11th Cir. 2004). A "district court's [habeas] review of a magistrate judge's issuance of a certificate of extraditability is narrow." Afanasjev v. Hurlburt, 418 F.3d 1159, 1163 (11th Cir. 2005) (alteration in original). "[A] petition for writ of habeas corpus in an extradition case 'is not a means for rehearing the magistrate[ ] [judge's] findings.'" Id. (quoting Escobedo v. United States, 623 F.2d 1098, 1101 (5th Cir. 1980)). "Rather, '[r]eview of the magistrate's order is limited to determining (1) whether the magistrate had jurisdiction, (2) whether the offense charged is within the treaty, and (3) by a somewhat liberal extension, whether there was *any evidence* warranting the finding that there was reasonable ground to believe the accused guilty.'" Id. (quoting Kastnerova, 365 F.3d at 984) (alterations in original).

L'Hoir's contentions fall under the second of these inquiries, as noted in his petition. (Doc. No. 1, p. 8). L'Hoir states that the offenses for which he has been charged are not "within the four corners of the Treaty" because "they are barred by a time limitation." (Id.). L'Hoir contends that the Australian Corporations Act of 2001, Section 1316 provides for a five year limitations period for offenses committed under this Act.

Extradition is not to be granted when "the prosecution for the offense has become barred by lapse of time according to the laws of the requesting State[.]" ART. VII, Extradition Treaty (Doc. Nos. 1-4, 9-2). Pursuant to Section 1316 of the Corporations Act of 2001, "proceedings for an [offense] against this Act may be instituted within the period of 5 years after the act[s] or omission[s] alleged to constitute the [offense], or, with the Minister's consent, at any later time." (Doc. No. 1-3) (emphasis added). The plain

language of Section 1316 of the Corporations Act of 2001 warrants against a finding that L'Hoir's prosecution in Australia is barred by a statute of limitations period. While criminal proceedings for violations of the Corporations Act may be commenced within 5 years of the offenses charged, there is no requirement for that to be the case, as criminal proceedings for violations of this Act can be brought at any time, even after five years have elapsed. L'Hoir's contentions, including his ineffective assistance of counsel claim, are without merit and do not entitle him to habeas relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that L'Hoir's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE